

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

CMM:AXB
F. #2024R00377

*610 Federal Plaza*
*Central Islip, New York 11722*

January 17, 2025

<u>By ECF</u>

The Honorable James M. Wicks
United States Magistrate Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

   Re: <u>S.E.C. v. Ken Peterman</u>
     <u>Civil Docket No. 24-8475 (JMW)</u>

Dear Judge Wicks:

  With the consent of counsel for defendant Ken Peterman, the government respectfully submits this letter in support of its requests: (1) pursuant to Federal Rule of Civil Procedure 24, to intervene in the above-captioned action; and (2) pursuant to the Court's inherent power, to stay these proceedings during the pendency of a parallel criminal case.[1]

  I. <u>Background</u>

  On December 3, 2024, a grand jury convening in the Eastern District of New York ("E.D.N.Y.") returned a three-count indictment charging Peterman with: (i) insider trading, in violation of Section 10(b) of the Securities and Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5; (ii) securities fraud, in violation of 18 U.S.C. § 1348; and (iii) wire fraud, in violation of 18 U.S.C. § 1343. *See United States v. Peterman*, 24-CR-489 (JMA) (hereinafter, the "Crim. Dkt."). As alleged in the indictment, those charges stem from Peterman's trading in the shares of Comtech Telecommunications Corp., the public company where he had been CEO and Chairman. (*See* Crim. Dkt. 1). On December 11, 2024, Peterman was arrested in San Diego and, pursuant to Rule 5 of the Federal Rules of Criminal Procedure, was removed to the E.D.N.Y. to answer the charges. (*See* Crim. Dkt. 5, 9). On January 15, 2025, Peterman appeared in this district before United States Magistrate Judge Lee G. Dunst and pled not guilty to the charges; the court adjourned the matter to March 5, 2025, and excluded the

---

  [1] The plaintiff Securities and Exchange Commission ("SEC") takes no position on the instant request.

intervening period from the computation of Speedy Trial time based on the parties' representations that, in the interim, they intend to exchange discovery and discuss possible resolutions of the case.

On the same date as his arrest, December 11, 2024, the SEC filed the above-captioned complaint alleging, based on substantially the same conduct alleged in the above-referenced indictment, that Peterman violated Section 10(b) of the Securities and Exchange Act of 1934 and Rule 10b-5 thereunder. (*See* ECF No. 1). On January 7, 2025, this Court issued a scheduling order directing the parties, *inter alia*, to file a proposed discovery plan on or before February 14, 2025. (ECF No. 10).

II. Discussion

Under the circumstances described above, and with the consent of counsel for Peterman, the government respectfully requests that it be permitted to intervene in this action and that these proceedings be stayed during the pendency of the parallel criminal case.

*First*, Rule 24 of the Federal Rules of Civil Procedure authorizes intervention by "anyone who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). There is no dispute (and a review of the complaint and indictment readily confirms) that this action and the parallel criminal case relate to the same factual scenario and both involve alleged violations of Section 10(b) and Rule 10b-5. Accordingly, the government's permissive intervention in this case is appropriate. *See, e.g.*, *SEC v. Chestman*, 861 F.2d 49, 50 (2d Cir. 1988) (affirming permissive intervention to seek stay of SEC action pending completion of criminal investigation involving the same underlying facts).

The rule also allows for intervention as of right by "anyone who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). Insofar as the government has an interest in the enforcement of the securities laws at issue in this case that is not otherwise represented by the existing parties, this provision provides an independently sufficient basis for intervention. *See In re Air Cargo Shipping Servs. Antitrust Litig.*, M.D.L. No. 1775, 06-MD-1775, 2010 WL 5027536, at *1-2 (E.D.N.Y. Dec. 3, 2010) ("Whether as of right under Rule 24(a) or by permission under Rule 24(b), courts in the Second Circuit have routinely granted motions made by prosecuting authorities seeking to intervene in civil actions for the purpose of obtaining stays of discovery"); *cf. Volmar Distrib., Inc. v. N.Y. Post Co.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993) (criminal prosecution would serve to advance public interest in preserving integrity of competitive markets).

*Second*, the Court has discretion to stay its own civil proceedings and may do so where, as here, a parallel criminal action concerning the same underlying conduct is pending. *See SEC v. Doody*, 186 F. Supp. 2d 379, 381 (S.D.N.Y. 2002) ("Once an indictment has been returned, the government often moves for and frequently obtains [a stay of] parallel civil proceedings . . ."); *see also United States v. One 1964 Cadillac Coupe DeVille*, 41 F.R.D. 352, 353 (S.D.N.Y. 1966) ("[W]here both civil and criminal proceedings arise out of the same or related transactions, the government is ordinarily entitled to a stay of all discovery in the civil action until disposition of the criminal matter"). Staying the instant matter while the criminal case proceeds will result in

significant resource savings and will not prejudice any party. And especially in the light of neither party's objection to the requested relief, there does not appear to be compelling countervailing reasons to proceed on a dual track.

   III. <u>Conclusion</u>

   Based on the foregoing, the government respectfully requests an order: (1) pursuant to Federal Rule of Civil Procedure 24, authorizing its intervention in this action; and (2) pursuant to the Court's inherent power, stay these proceedings during the pendency of the parallel criminal case.

             Respectfully submitted,

             CAROLYN POKORNY
             Acting United States Attorney

       By: <u>/s/ Anthony Bagnuola</u>
          Anthony Bagnuola
          Assistant U.S. Attorney
          (631) 715-7849

cc: Clerk of Court (JMW) (via ECF and email)
   Counsel of Record (via ECF and email)